UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mercedes Byrd,<br><br>                Plaintiff,<br>vs.<br><br>American Home Mortgage Servicing Inc.;<br>Option One Mortgage Loan Trust; Wells Fargo<br>Bank NA Trs c/o Ocwen Loan Servicing; Chris<br>Anderson; Allen Banaszewski,<br><br>                Defendants. | Case No.: 2:13-cv-01864-GMN-CWH<br><br>**ORDER** |

This action arises out of the foreclosure proceedings conducted against the home of *pro se* Plaintiff Mercedes Byrd by Defendants American Home Mortgage Servicing, Inc. ("AHMSI"), Option One Mortgage Loan Trust ("Option One"), Wells Fargo Bank NA TRS ("Wells Fargo"), Ocwen Loan Servicing ("Ocwen Loan"), Chris Anderson, and Allan Banaszewski (collectively, "Defendants"). Pending before the Court is Plaintiff's Motion for Temporary Restraining Order (ECF No. 5).

**I. BACKGROUND**

On October 11, 2013, Plaintiff filed her Complaint before this Court, alleging causes of action for: (1) Fraudulent Foreclosure; (2) Fraudulent Assignment; (3) Notary Fraud; (4) For Cancellation of Instrument – Specific Performance; (5) Quiet Title; (6) Preliminary Injunction & Permanent Injunction; and (7) Breach of Implied Covenant of Good Faith and Fair Dealing. (Compl., ECF No. 1.) Although Plaintiff was issued summons for Defendants AHMSI, Option One, and Wells Fargo the same day (ECF No. 2), as of November 8, 2013, Plaintiff has not filed proof of service for any Defendant, either for the Complaint (ECF No. 1) or for the instant Motion for Temporary Restraining Order (ECF No. 5).

## II. LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

1    "In deciding a motion for a preliminary injunction, the district court 'is not bound to
2    decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' &*
3    *Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting
4    *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

5    **III. DISCUSSION**

6    Plaintiff requests that the Court enjoin Defendants from enforcing the eviction order
7    issued in state court that requires Plaintiff to evacuate the premises of her home by November
8    22, 2013. (Mot. TRO, ECF No. 5.)

9    Plaintiff does not appear likely to be able to satisfy the *Winter* test, or the Ninth Circuit's
10   *Cottrell* sliding scale test, particularly because Plaintiff has not shown a likelihood of success
11   on the merits entitling her to possession of the property.  In fact, the Court's review of
12   Plaintiff's Complaint indicates a likely failure to satisfy the pleading requirements of Rule
13   12(b)(6) of the Federal Rules of Civil Procedure.  However, the Court need not reach these
14   questions at this time because Plaintiff has failed to satisfy the requirements for the issuance of
15   a temporary restraining order pursuant to Rule 65(b)(1).

16   A "court may issue a temporary restraining order without written or oral notice to the
17   adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint
18   clearly show that immediate and irreparable injury, loss, or damage will result to the movant
19   before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in
20   writing any efforts made to give notice and the reasons why it should not be required." Fed. R.
21   Civ. P. 65(b)(1).

22   Having reviewed Plaintiff's Complaint (ECF No. 1) and Motion for Temporary
23   Restraining Order (ECF No. 5), the Court cannot find that Plaintiff has provided any basis for
24   the Court to make the required Rule 65(b)(1)(A) findings justifying the issuance of a temporary
25   restraining order without notice to Defendants.  Although Plaintiff's impending eviction on

November 22, 2013, shows a form of harm, the Court cannot find that this harm is irreparable in contrast to the type of harm that would result if her property interest had not already been transferred. More important, however, is that Plaintiff has shown no likelihood of success on the merits that would result in a finding that Plaintiff owns the subject property. Accordingly, Plaintiff has not shown that an order enjoining her eviction is justified, and particularly not without notice to Defendants or any other party claiming title to the property.

Accordingly, the Court must deny Plaintiff's Motion for Temporary Restraining Order (ECF No. 5). The Court will determine the merits of Plaintiff's Motion for Preliminary Injunction (ECF No. 6) upon a showing of notice to Defendants.[1]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 5) is **DENIED**.

**DATED** this 8th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[1] The Court refers Plaintiff to the Pro Se Assistance Packet provided to the public by the United States District Court for the District of Nevada, available at http://www.nvd.uscourts.gov.