1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

5

6

7

8

9

10

11

12

| | |
|---|---|
| MERCEDES BYRD,                )<br>                                              )<br>                    Plaintiff,        )<br>          vs.                               )<br>                                              )<br>AMERICAN HOME MORTGAGE  )<br>SERVICING INC., OPTION ONE  )<br>MORTGAGE LOAN TRUST, WELLS )<br>FARGO, N.A. TRS c/o OCWEN LOAN )<br>SERVICING, CHRIS ANDERSON, ALLAN )<br>BANASZEWSKI, DOES I-X, inclusive, and )<br>ROE CORPORATIONS I-X, inclusive.   )<br>                                              )<br>                    Defendants.    )<br>_____ ) | Case No.: 2:13-cv-01864-GMN-CWH<br><br>**ORDER** |

13     Currently before the Court is a civil action filed by Mercedes Byrd ("Plaintiff") against

14   Defendants Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc.

15   ("American Home"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Ocwen Loan Servicing

16   ("Ocwen") (collectively "Defendants") (ECF No. 1.)  After filing her Complaint, Plaintiff also

17   filed a Motion for Preliminary Injunction (ECF No. 6) and a Motion for Hearing Regarding

18   Preliminary Injunction (ECF No. 8.)  Defendants subsequently filed a Motion to Dismiss

19   Plaintiff's Complaint (ECF No. 11.)  Plaintiff has filed a Response to Defendants' Motion to

20   Dismiss (ECF No. 14) and Defendants have filed a Reply in Support of their Motion to Dismiss

21   (ECF No. 15.)

22     For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss

23   Plaintiff's Complaint (ECF No. 11.)

24   **I.     BACKGROUND**

25      On January 10, 2002, Plaintiff purchased of some property, located at 3670 Happy

Page 1 of 9

1    Lane, Las Vegas, Nevada 89120, APN# 178-06-101-026 (the "Property"). (Sale Deed, ECF No.

2    13-1.)[1]   On April 22, 2005, Plaintiff recorded a Deed of Trust and Note for $805,000.00,

3    naming Option One Mortgage Corporation as the beneficiary and Premier Trust Deed Services,

4    Inc. as the Trustee. (Deed of Trust, ECF No. 13-2.)  On June 22, 2007, Option One Mortgage

5    Corporation executed an Assignment of Deed of Trust, making Wells Fargo, as Trustee for

6    Option One Mortgage Loan Trust 2005-4 Asset-Backed Certificates, Series 2005-4, the

7    beneficiary of the Deed of Trust. (Assignment of Deed of Trust, ECF No. 13-4.)  That same

8    day, Wells Fargo executed a Substitution of Trustee, naming Quality Loan Service Corporation

9    as the new trustee under the Deed. (First Substitution of Trustee, ECF No. 13-3.)

10          On June 2, 2008, a Loan Modification Agreement between Wells Fargo and Plaintiff

11   was recorded against the Property, indicating that the amount payable under the Note on March

12   1, 2008 was $886,338.18. (Loan Modification Agreement, ECF No. 13-5.)  On April 27, 2009,

13   Wells Fargo executed a Substitution of Trustee, naming AHMSI Default Services, Inc. as the

14   new trustee under the Deed. (Second Substitution of Trustee, ECF No. 13-6.)

15          Plaintiff does not deny in any of her pleadings that around September of 2010, she

16   ceased making payments on her mortgage. (Notice of Default, ECF No. 13-7.)  Subsequently,

17   on December 7, 2010, Wells Fargo executed a Substitution of Trustee, naming Power Default

18   Services, Inc. as the new trustee under the Deed. (Third Substitution of Trustee, ECF No. 13-8.)

19   That same day, Power Default Services, Inc. recorded a Notice of Default and Election to Sell

20   against the Property. (Notice of Default, ECF No. 13-7.)

21          On April 4, 2011, a Notice of Trustee's Sale was recorded against the Property, setting

22   the sale for April 25, 2011. (4/4/11 Notice of Trustee's Sale, ECF No. 13-9.)  In response, on

23   April 12, 2011, Plaintiff filed a Complaint in state court, and later filed an Amended Complaint

24   _____

25   [1] The Court takes judicial notice of Exhibits A-M of Defendants' Request for Judicial Notice, ECF No. 13.  *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is publicly recorded in the Clark County Recorder's office.

1    on April 20, 2011. (Mot. to Dismiss 3:7-12, ECF No. 12.)  Plaintiff's Amended Complaint was

2    dismissed without prejudice following a hearing on October 3, 2011, and an Order of Dismissal

3    was entered on October 4, 2011. (*Id.*)

4        On December 1, 2011, a second Notice of Trustee's Sale was recorded against the

5    Property, setting the sale for December 21, 2011. (12/1/12 Notice of Trustee's Sale, ECF No.

6    13-10.)  On July 17, 2012, a third Notice of Trustee's Sale was recorded against the Property,

7    setting the sale for August 8, 2012. (7/17/12 Notice of Trustee's Sale, ECF No. 13-11.)  On

8    February 4, 2013, a fourth Notice of Trustee's Sale was recorded against the Property, setting

9    the sale for February 26, 2013. (2/4/13 Notice of Trustee's Sale, ECF No. 13-12.)  On June 3,

10   2013, a Trustee's Deed upon Sale was recorded, naming Wells Fargo, as Trustee for Option

11   One Mortgage Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4, the owner of the

12   Property with a purchase price in the amount of $550,000.00. (Trustee's Deed upon Sale, ECF

13   No. 13-13.)

14       On October 11, 2013, Plaintiff, appearing pro se, filed her Complaint in this Court.

15   (Complaint, ECF No. 1.)  In the Complaint, Plaintiff asserts claims for (1) fraudulent

16   foreclosure, (2) fraudulent assignment, (3) notary fraud, (4) declaratory relief for the

17   cancellation of instrument, (5) quiet title, (6) preliminary injunction and permanent injunction,

18   and (7) breach of implied covenant of good faith and fair dealing. (*Id.* 5:9-9:16.)  Plaintiff

19   subsequently filed her Motion for Preliminary Injunction (ECF No. 6) and Motion for a

20   Hearing (ECF No. 8), seeking an Order from this Court that Defendants return possession of

21   the Property to Plaintiff.  On December 4, Defendants filed their Motion to Dismiss (ECF No.

22   11) under Rule 12(b)(6) for failure to state a claim.

23   **II.    LEGAL STANDARD**

24       Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

25   that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona*

1    *Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss

2    under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

3    complaint does not give the defendant fair notice of a legally cognizable claim and the grounds

4    on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering

5    whether the complaint is sufficient to state a claim, the Court will take all material allegations

6    as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*

7    *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

8           The Court, however, is not required to accept as true allegations that are merely

9    conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

10   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

11   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

12   violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

13   *Twombly*, 550 U.S. at 555) (emphasis added).

14          A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b)

15   for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino*

16   *Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's

17   complaint contain "a short and plain statement of the claim showing that the pleader is entitled

18   to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because

19   "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179

20   (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to

21   liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,

22   1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of

23   leniency.

24          "Generally, a district court may not consider any material beyond the pleadings in ruling

25   on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

1  complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner*

2  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents

3  whose contents are alleged in a complaint and whose authenticity no party questions, but which

4  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

5  motion to dismiss" without converting the motion to dismiss into a motion for summary

6  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of

7  Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

8  *Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers

9  materials outside of the pleadings, the motion to dismiss is converted into a motion for

10  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

11  Cir. 2001).

12  **III.    DISCUSSION**

13      **A.  Fraud (Claims 1-3)**

14      To state a claim for fraud, a plaintiff must allege three factors: (1) a false representation

15  by the defendant that is made with either knowledge or belief that it is false or without

16  sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result

17  from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007).  A claim of "fraud or

18  mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).  A complaint alleging fraud

19  or mistake must include allegations of the time, place, and specific content of the alleged false

20  representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d

21  756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to merely lump multiple

22  defendants together but requires plaintiffs to differentiate their allegations when suing more

23  than one defendant and inform each defendant separately of the allegations surrounding his

24  alleged participation in the fraud." *Id*.

25

1    Plaintiff's first three claims all relate to allegations that Defendants committed fraud by

2  either improperly assigning the Deed of Trust to Wells Fargo after the closing date of the

3  Option One Mortgage Loan Trust 2005-4 Asset-Backed Certificates, Series 2005-4 in violation

4  of the Pooling and Servicing Agreement (PSA) or by "robo-notorizing" the various recorded

5  documents. (Complaint 5:9-7:7, ECF No. 1.)  Plaintiff, however, does not have standing to

6  challenge the validity of the trust's securitization agreements. *Klohs v. Wells Fargo Bank, N.A.*,

7  901 F. Supp. 2d 1253, 1260 (D. Haw. 2012) ("[I]t is well-established that a third party lacks

8  standing to raise a violation of a PSA.") (internal quotations omitted); *Viloria v. Premium*

9  *Capital Funding LLC*, 2:12-CV-00406-KJD, 2012 WL 4361252, at *3 (D. Nev. Sept. 20, 2012)

10  ("Plaintiffs lack standing to challenge the assignments of the Note and Deed of Trust and lacks

11  standing to enforce or assert claims arising under the trust purchase agreement or Pooling and

12  Servicing Agreement ("PSA") surrounding the 'securitization' of the Note."); *Shkolnikov v.*

13  *JPMorgan Chase Bank*, 12-03996 JCS, 2012 WL 6553988, at *22 (N.D. Cal. Dec. 14, 2012)

14  ("Plaintiffs do not have standing to challenge the 2009 Assignment because they were not

15  parties to, or third party beneficiaries of, the PSA.").

16    Furthermore, Plaintiff's bare, conclusory allegations of "robo-signing" [2] are insufficient

17  to bring a fraud claim. *See Bascos v. Fed. Home Loan Mortgage Corp.*, CV 11-3968-JFW JCX,

18  2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). ("Rule 9(b) and *Twombly* require plaintiffs

19  to set forth more than bare allegations of 'robo-signing' without any other factual support.").

20  Plaintiff has failed to allege any facts beyond the conclusory allegation that the notaries for the

21  various recorded documents were "robo-signers" or to show how having documents signed by

22  an alleged "robo-signer" would render those documents fraudulent or void.  *See In re Brown*,

23

24

---

25  [2] A "robo-signer" is presumably an agent of a bank or loan company who signs thousands of foreclosure
documents regularly without actually having personal knowledge of the veracity of the information contained in
the documents. *See In re Marks*, BAP CC-12-1140-KIDH, 2012 WL 6554705, at *9 (B.A.P. 9th Cir. Dec. 14,
2012)

BAP WW-12-1534-TAKUD, 2013 WL 6511979, at *13 n.33 (B.A.P. 9th Cir. Dec. 12, 2013) ("[T]here is nothing deceptive about using an agent to execute a document."); *In re Marks*, 2012 WL 6554705, at *9 (rejecting the idea that the use of an alleged "robo-signer" somehow renders a document fraudulent or void).

To the extent Plaintiff alleges some other kind of fraud in her Complaint, Plaintiff has failed to allege any specific fraudulent conduct or name which Defendants allegedly committed the fraud.  Accordingly, Plaintiff's fraud claims must be dismissed.

**B.  Injunctive Relief (Claims 4 & 6)**

Plaintiff's claims for injunctive and declaratory relief are not recognized as causes of action in Nevada.  Injunctive relief, declaratory relief, and rescission are remedies, not claims. Accordingly, these "causes of action" are dismissed.

**C.  Quiet Title (Claim 5)**

In Nevada, a quiet title action may be brought "by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P. 2d 314, 318 (Nev. 1996).  "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00084-KJD-PAL, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC*, No. B223447, 2011 WL 2139143 at *2 (Cal. App. 2d June 1, 2011).  Plaintiff has failed to allege that she is not in breach of the loan agreement. Accordingly, this cause of action is dismissed.

**D.  Breach of the Implied Covenant of Good Faith and Fair Dealing (Claim 7)**

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty

1  of good faith to the Plaintiff; (3) Defendants breached that duty by performing in a manner that

2  was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were

3  denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  In Nevada, an implied covenant of

4  good faith and fair dealing exists in every contract, *Consol. Generator–Nevada v. Cummins*

5  *Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its

6  breach if the defendant deliberately contravenes the intention and spirit of the agreement,

7  *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).  The covenant of good faith and fair

8  dealing "only applies after a binding contract is formed." *Crellin Techs., Inc. v. Equipmentlease*

9  *Corp.*, 18 F.3d 1, 10 (1st Cir. 1994).

10        Plaintiff alleges that Defendants breached the duty of good faith and fair dealing by

11  initiating a foreclosure on the Property without a right to do so. (Complaint 9:1-16, ECF No. 1.)

12  However, the Defendants have shown a valid chain of title and Plaintiff does not dispute that

13  she ceased making payments on her mortgage. *See* (Complaint, ECF No. 1; Deed of Trust, ECF

14  No. 13-2; Assignment of Deed of Trust, ECF No. 13-4; Notice of Default, ECF No. 13-7.)

15  Therefore, Defendants had a right to foreclose under the Deed of Trust, and their foreclosure

16  was not a breach of the implied covenant of good faith and fair dealing. *See Davenport v. Litton*

17  *Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) ("As a general matter, a court

18  should not conclude that a foreclosure conducted in accordance with the terms of a deed of trust

19  constitutes a breach of the implied covenant of good faith and fair dealing.") (internal quotation

20  marks and citations omitted).

21        **E.  Leave to Amend**

22        Generally, if the Court grants a motion to dismiss, it must then decide whether to grant

23  leave to amend.  The court should "freely give" leave to amend when there is no "undue delay,

24  bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party

25  by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a);

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Granting Plaintiff additional time to amend her Complaint would be futile and cause undue delay and prejudice to the Defendants by further prolonging this suit.  Plaintiff has not sought leave to amend her Complaint, nor did she allege additional facts supporting her Complaint in her Response.  Additionally, Plaintiff has already challenged Defendants' right to foreclose on the Property in state court, where her claims were dismissed without prejudice. Furthermore, Plaintiff lacks standing to even bring her underlying fraud claim based on the securitization and pooling of her mortgage.  Pleading more specific facts concerning the time, place, or content of the alleged fraud would still be insufficient to assert a claim for which relief can be granted.  Therefore, allowing Plaintiff additional time to amend her Complaint would serve no purpose but to further prolong this proceeding and delay Defendants from exercising their legal rights.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED**.  All of Plaintiff's claims are dismissed with prejudice.  The Clerk shall enter judgment accordingly.

**DATED** this 18th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge